**RECEIVED**

JUN 1 6 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE-OPELOUSAS DIVISION**

STEPHEN FREDERICK                    CIVIL ACTION NO. 06-0287

VS.                                                JUDGE DOHERTY

AQUARIUS BOAT CORP., INC.          MAGISTRATE JUDGE METHVIN

## ORDER REQUIRING SUBMISSION ON JURISDICTIONAL AMOUNT

This personal injury lawsuit was removed from a local state court based on the allegation of defendant Aquarius Boat Corp., Inc. that the matter in controversy exceeds $75,000 and that this court therefore has diversity jurisdiction under 28 U.S.C. §1332. Defendant's allegation as to the amount in controversy is unsupported by specific facts.

A removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000 or (2) setting forth the specific facts in controversy that support a finding of the jurisdictional amount. Simon v. Wal Mart Stores, 193 F.3d 848 (5th Cir. 1999); Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).

In accordance with state law,[1] plaintiff has not specified the numerical value of his damage claim. The undersigned further concludes that the jurisdictional amount is not otherwise "facially apparent" from the complaint. Simon, 193 F.3d at 850. Plaintiff Stephen Frederick alleges that on February 28, 2005, he was injured while being transported in navigable waters aboard the M/V BARABBAS, a vessel owned by Aquarius Boat Corp., Inc. and/or Aquarius Marine, Inc. Frederick contends that he sustained "severe disabling injuries" when the boat

---

[1] La.Code Civ.P. art. 893.

captain negligently ran the vessel aground onto an oyster reef and/or water bottom. Frederick seeks damages for past and future medical expenses; past and future physical pain and suffering; permanent injuries and disability; past and future mental anguish, distress, and depression; past and future loss of earnings; and diminished earning capacity.

In removal cases in which the jurisdictional amount is not "facially apparent," the court may require the removing party to submit "summary-judgment-type evidence, relevant to the amount in controversy at the time of removal." Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1336 (5th Cir. 1995) (emphasis added). Relevant jurisdictional facts which should be included in the response to this Order include the following: (1) a description of the nature and severity of plaintiff's injuries; (2) plaintiff's diagnosis, including whether surgery was recommended at the time of removal; (3) whether the plaintiff underwent surgery by the time of removal, and the nature thereof; (4) duration of medical treatment; (5) dollar amount of medicals incurred at the time of removal; (6) time of removal estimate of the dollar amount of medicals which plaintiff will probably incur in the future based upon the medical diagnosis; (7) lost wages incurred at time of removal; (8) lost wages which plaintiff will probably incur in the future based upon the medical diagnosis; and (9) citations to caselaw involving similar facts which reflect verdicts in the amount of $75,000.00 or more. These facts should be presented in summary-judgment-type evidence.

IT IS THEREFORE ORDERED that *on or before July 17, 2006,* defendant shall file a memorandum setting forth specific facts in controversy which support a finding that the jurisdictional amount exists. Supporting documentation and/or affidavits are advisable. A copy of the memorandum shall be provided to the undersigned an opposing counsel.

Plaintiffs will be allowed ten days to reply to defendant's arguments.

Signed at Lafayette, Louisiana on June ___15th___, 2006.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

COPY SENT:
DATE: 6/16/06
BY: Cuw
TO: MEM